**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LE METIER BEAUTY INVESTMENT PARTNERS LLC, AND UNATTAINABLE BEAUTY, LLC <br><br> Plaintiffs, <br><br> v. <br><br> METIER TRIBECA, LLC, AND RICHARD BLANCH <br><br> Defendants. | Civil Action No. 13-cv-4650 (JFK) <br><br><br> Jury Trial Demanded |

---

**INITIAL REPORT OF PARTIES PURSUANT TO STANDING ORDER M-10-468 RE:**
**PILOT PROGRAM**

---

EC.53035.1

Pursuant to the Court's Standing Order M-10-468 re: Pilot Project Regarding Case Management (the "Pilot Project Order") (ECF No. 2), plaintiffs Le Metier Beauty Investment Partners LLC ("LMBIP"), and Unattainable Beauty, LLC ("UB"); together with defendants Metier Tribeca, LLC ("Metier"), and Richard Blanch ("Blanch") hereby file their initial report on applicable topics set forth in Exhibit A to the standing order, reflecting their joint position with respect to matters on which they agree and expressing their respective views concerning the issues on which they disagree.

**Parties' Positions as to Applicable Topics on the Initial Pretrial Conference Checklist**

    **A.**       **Possible limitations on document preservation**

The parties agree that a wide range of electronically stored information will be directly probative of vital factual issues in the instant case. Given the complexity and undisputed importance of the factual issues of this case, the parties believe any limitation on the preservation of electronic or physical documents is inappropriate at this time.

    **B.**       **Appropriateness of Rule 26(a)(1) initial disclosures**

The parties do not believe that any special circumstances exist that render the standard initial disclosures inappropriate in this case.

    **C.**       **Possibility of a stay or limitation of discovery pending a dispositive motion**

        **1.**       **Plaintiffs' position**

Plaintiffs do not believe any stay or limitation of discovery is appropriate pending a dispositive motion.  None of the claims asserted in this case are subject to an automatic discovery stay under any applicable statute.  Therefore, the standard provisions in the Pilot Project Order, providing for discovery of "documents, electronically stored information and tangible things" during the pendency of a motion to dismiss, should be followed. (ECF No. 2 at

4).  Moreover, because plaintiffs are members of defendant Metier, they are independently entitled, pursuant to Metier's operating agreement, to review Metier's books, records, and reports upon request.  Thus, a preliminary discovery stay is particularly inappropriate given plaintiffs' explicit right to inspect Metier's records.

> ## 2.    Defendants' position

In light of the seriousness of the deficiencies of the Complaint, Defendants believe it more appropriate to stay discovery until the Court has had the ability to render a decision on its motion to dismiss.

> ## D.    Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters

The parties have no objection to communication or coordination between the Magistrate Judge and the District Judge with respect to pretrial matters.

> ## E.    Preliminary issues likely to arise that will require court intervention

The parties foresee no specific preliminary issues likely to require the Court's intervention.  Plaintiffs will attempt to address any unforeseen issues through consultation with defendants before requesting that the Court intervene.

> ## F.    Discovery issues likely to arise and how discovery disputes will be resolved

The parties do not anticipate any discovery disputes at this time.  The parties will endeavor to resolve any such disputes directly, and do not believe that special measures need to be adopted to resolve anticipated discovery disputes at this time.

**G.         Proposed discovery matters**

**1.         Limitations on types, scope, timing, and sequence of discovery, and on the restoration of electronically stored information**

**a.         Plaintiffs' position**

Plaintiffs do not believe there is any need for further limitation on discovery in this case.  Indeed, to the extent that Plaintiffs are independently entitled to review of defendant Metier's books, records, and reports as discussed in section I.C.1, *supra*, Plaintiffs believe that these materials should not be subject to any discovery limitations.

**b.         Defendants' position**

Defendants do not believe that there is any need for further limitation on discovery in this case.

**2.         Agreement to allow depositions of trial witnesses named if not already deposed**

The parties tentatively agree to permit deposition of trial witnesses named if not already deposed, though each party reserves the right to revisit this issue at a later date.

**3.         Preservation depositions**

The parties anticipate no issues with respect to preservation depositions.

**4.         Foreign discovery and issues anticipated**

The parties do not anticipate any foreign discovery.

**H.**     **Scheduling matters, including proposed dates for completion of discovery, dispositive motions, exchange of expert reports, exchange of witness lists, Joint Trial Reports, and Case Management Conference**

| Pretrial Activity | Proposed Deadline |
|---|---|
| Completion of discovery | March 28, 2014 |
| Filing of dispositive motions | May 9, 2014 |
| Exchange of expert reports | February 21, 2014 |
| Exchange of witness lists | To be determined |
| Joint Preliminary Trial Reports / Final Joint Trial Reports | To be determined |
| Case Management Conference | At the Court's convenience |

**I.**     **Potential narrowing of issues to be tried; possibility of mini-trial on specific issues**

The parties agree to revisit the possibility of a mini-trial, and to address whether relevant issues might be narrowed for trial purposes, at the close of discovery.

**J.**     **Bifurcation**

The parties agree to revisit at a later date the question of whether to bifurcate trial of liability and damages.

**K.**     **Class certification issues**

Not applicable.

**L.**     **ADR/mediation**

The parties believe that the complex issues of law present in this case, including important questions concerning the interpretation of the federal securities laws, weigh in favor of adjudication of this dispute by this Court rather than a mediator.  In any event, the parties believe it is necessary to complete limited factual discovery before considering mediation.

**M.**     **Possibility of consent to trial before a Magistrate Judge**

The parties do not consent to trial before a magistrate judge.

EC.53035.1

- 5 -

**N.**        **Pleadings, sufficiency and likelihood and timing of amendments**

**1.**        **Plaintiffs' position**

Plaintiffs respectfully request the opportunity to amend the complaint after meaningful discovery has been completed.

**2.**        **Defendants' position**

Defendants respectfully request the opportunity to file counterclaims and amendments to such counterclaims at a later date.

**O.**        **Likelihood of joinder of additional parties**

The parties do not currently anticipate naming additional parties, but reserve their respective rights to do so should such action become necessary or appropriate later.

**P.**        **Expert witnesses**

It is likely that expert witnesses will be needed, especially with respect to issues of damages.  Each party reserves the right to depose named experts at the appropriate time.

**Q.**        **Damages**

The damages alleged include fraudulently inflated prices paid by plaintiffs for defendant Metier's securities, and subsequent losses in value of plaintiffs' investments as a result of defendants' continuing wrongful conduct.  Some expert damages discovery may be required, because calculating these damages requires the valuation of illiquid investments.  However, because the issue of damages is inextricably interwoven with other factual matters relevant to liability, the parties do not believe that any special provisions concerning damages discovery are necessary.

**R.**        **Final pretrial order (including possibility of waiver of order)**

The parties agree to revisit this issue closer to trial.

**S.**      **Possible trial-ready date**

To be determined.

**T.**      **Court logistics and mechanics**

The parties see no reason to deviate from standard court procedures in this matter.

**U.**      **The need for additional meet and confer sessions**

The parties agree to revisit this issue if necessary as discovery progresses.

**ENTIWSTLE & CAPPUCCI LLP**

By:      /s/ Vincent R. Cappucci

Vincent R. Cappucci

Evan T. Raciti

280 Park Avenue

26th Floor West

New York, New York 10017

(212) 894-7200

*Attorneys for Plaintiffs*


**THE ROTH LAW FIRM PLLC**

By:        /s/ Richard Roth

Richard Roth

The Roth Law Firm PLLC

295 Madison Avenue

Floor 22

New York, New York 10017

(212) 542-8882

*Attorneys for Defendants*

EC.53035.1

- 7 -