USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 12, 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------X

LE METIER BEAUTY INVESTMENT      :
PARTNERS LLC, and UNATTAINABLE    :
BEAUTY, LLC,                       :
                                   :
                Plaintiffs,        :
                                   :
        -against-                  :     No. 13 Civ. 4650 (JFK)
                                   :
METIER TRIBECA, LLC, and          :     **OPINION & ORDER**
RICHARD BLANCH,                    :
                                   :
                Defendants.        :

------------------------------------X

RICHARD BLANCH, as assignee of    :
claims from METIER TRIBECA, LLC,  :
                                   :
        Third-Party Plaintiff,    :
                                   :
        -against-                  :
                                   :
Robert J. Caruso and Charles A.   :
Banks IV,                          :
                                   :
        Third-Party Defendants.   :

------------------------------------X

<u>APPEARANCES</u>
FOR ROBERT J. CARUSO AND CHALES A. BANKS
    Vincent R. Cappucci
    Alexander Schlow
    ENTWISTLE & CAPPUCCI LLP

    Kevin J. Leichter
    THE LEICHTER FIRM, APC

FOR RICHARD BLANCH
    Richard A. Roth
    Jordan M. Kam
    THE ROTH LAW FIRM, PLLC

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a motion by third-party defendants Robert J. Caruso and Charles A. Banks (collectively, the "Third-Party Defendants") to dismiss the third-party complaint (hereinafter, the "TPC") filed by Richard Blanch pursuant to Rules 12(b)(1), 12(b)(6), and 14(a)(1) of the Federal Rules of Civil Procedure.  For the reasons that follow, the motion is granted.

## I. Background

The Court assumes familiarity with the facts as set forth in its February 24, 2015 Opinion & Order. See Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC, No. 13 Civ. 4650, 2015 WL 769573 (S.D.N.Y. Feb.24, 2015).  In addressing the present motion, the Court notes the following additional facts, which are taken from the TPC and are assumed true only for purposes of this motion.  Third-Party Plaintiff Richard Blanch, a resident of New York, brings this action as assignee of claims of Metier Tribeca, LLC ("Metier"), a New York limited liability company. Blanch was, at all relevant times, CEO of Metier.  Third-Party Defendant Robert Caruso is a resident of Princeton, N.J. and was, at all relevant times, the managing member of Plaintiff Unattainable Beauty, LLC ("UB").  Third-Party Defendant Charles Banks is a resident of Montecito, California and was, at all

1

relevant times, the managing member of Plaintiff Le Metier Beauty Investment Partners LLC ("LMBIP").

Caruso's involvement with Metier began in February 2012, when UB provided a loan to Metier of $1,750,000. A few months later, Caruso offered to convert UB's loan into equity if additional investors could be found, at which time he was introduced to Banks and LMBIP. On October 31, 2012, following discussions between Banks and Caruso, LMBIP made an equity investment in Metier. About this same time, UB converted its $1,750,000 loan to Metier into equity in the company. As a result of both investments, Banks and Caruso were appointed to Metier's board of directors.

Thereafter, Banks is alleged to have repeatedly demanded that Blanch provide Catalyst Creative Ventures ("Catalyst")—a brand management and investment company co-owned by Banks—with an exclusive contract to distribute Metier's products in Asia. According to the TPC, Blanch refused to sign-off on a deal with Catalyst without approval from Metier's board of directors.

Over the following months, the TPC alleges that Banks and Caruso continued to use their positions as board members solely to further their own interests in taking over Metier and to benefit Catalyst. Among other actions, the TPC asserts that Banks and Caruso intentionally delayed board of director meetings in order to try and secure a contract for Catalyst

2

without board approval, refused to allow Metier to conduct business or pay Metier's vendors, and refused to allow Metier to obtain loans needed to continue in business. (ECF No. 34, TPC ¶¶ 22-30, 34.)

On July 3, 2013, Plaintiffs UB and LMBIP commenced this action when they filed a complaint (the "Original Complaint") asserting claims for securities fraud under section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and rule 10b-5 promulgated thereunder, common law fraud, and fraudulent inducement with respect to Blanch and Metier; violation of section 20(a) of the Exchange Act and breach of fiduciary duty against Blanch; and breach of contract against Metier. (See ECF No. 1, Compl. ¶¶ 40-70.) Plaintiffs' allegations include that, despite explicit representations by Blanch to the contrary, over 80 percent of the money invested by Plaintiffs was used to pay aged debt, back salary, and other prohibited expenses. (Id. ¶¶ 33-35.) Plaintiffs also allege that Blanch misrepresented Metier's sales numbers and capacity. (Id. ¶¶ 27-30.)

In November 2013, Metier's management entered into negotiations with Luxury Brand Partners ("LBP") to sell all of Metier's assets. The TPC states that Banks and Caruso were the only board members to refuse to execute a term sheet with LBP and alleges that, in exchange for their approval, they demanded that Metier and Blanch first agree to settle UB and LMBIP's

pending lawsuit and to provide them with more equity in the
company.   After Blanch refused to comply with these demands, the
TPC alleges that Banks and Caruso intentionally interfered with
Metier's negotiations with existing retailers and its deal with
LBP. (ECF No. 34, TPC ¶¶ 59-65.)  For instance, Banks and Caruso
purportedly tried to negotiate a "pre-packaged" bankruptcy with
LBP wherein LBP would withdraw its offer from Metier in order to
force the company into bankruptcy, after which Banks, Caruso,
and LBP would take over Metier.  (Id. ¶¶ 12-13.)  In addition,
the TPC contends that Banks and Caruso erroneously informed
Metier's retailers that they had taken over the company and,
based on this false representation, attempted to negotiate
future deals with these retailers on Metier's behalf. (Id.
¶ 63.)

      Unable to finalize a deal with LBP and allegedly lacking
any other options, Metier filed for bankruptcy protection under
Chapter 11 of the U.S. Bankruptcy Code on February 14, 2014.  As
a result, the lawsuit filed by UB and LMBIP in this Court was
automatically stayed as against Metier in accordance with
section 362(a) of the Bankruptcy Code.  The Court subsequently
denied Blanch's request to extend the bankruptcy stay to
preclude Plaintiffs from continuing the action against him
individually and, on February 24, 2015, denied Defendants'
motion to dismiss with respect to the claims against Blanch.

On April 7, 2014, Blanch filed the instant Third-Party
Complaint, which states causes of action against Banks and
Caruso for breach of fiduciary duty, aiding and abetting each
other—as well as Plaintiffs UB and LMBIP—to breach their
fiduciary duties, and usurpation of corporation opportunities.
That same day, Blanch, individually and as assignee of Metier's
claims, filed his answer to the Original Complaint, together
with counterclaims against LMBIP and UB.  These counterclaims
include claims for breach of fiduciary duty and usurpation of
corporate opportunities that are substantially the same as the
claims made against Banks and Caruso in the TPC.

## II. Discussion

### A. Legal Standard

On a motion to dismiss, the complaint's factual allegations
are accepted as true and all reasonable inferences are drawn in
the plaintiff's favor. See Garcia v. Does, 779 F.3d 84, 91 (2d
Cir. 2014).  A complaint will not be dismissed if it "contain[s]
sufficient factual matter, accepted as true, to 'state a claim
to relief that is plausible on its face.'" Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.
Twombly, 550 U.S. 544, 570 (2007)).  A claim need not be
probable to be plausible. See Anderson News, LLC v. Am. Media,
Inc., 680 F.3d 162, 184 (2d Cir. 2012).  But it must be more
than speculative, meaning that there is a "reasonable inference

5

that the defendant is liable for the misconduct alleged." See
TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir.
2014).

## B. Analysis

### 1. Impleader Under Rule 14(a)

Impleader under Rule 14(a) is narrowly construed, such that
a third party may only be impleaded if he "is or may be liable
to [the third-party plaintiff] for all or part of the claim
against" the third-party plaintiff. Fed. R. Civ. P. 14(a).  This
standard is not a mere technicality; rather the pleading
requirement is clear—"the third-party defendant's liability to
the third-party plaintiff must be dependent upon the outcome of
the main claim or the third-party defendant must be potentially
secondarily liable as a contributor to the defendant." Kenneth
Leventhal & Co. v. Joyner Wholesale Co., 736 F. 2d 29, 31 (2d
Cir. 1984) (internal citations and punctuation omitted); see
also Horsehead Corp. v. Shinski, No. 09 Civ. 483, 2010 WL
1781596, at *3 (N.D.N.Y. 2010) (observing that it was
unnecessary for "the legal claims be identical in order to allow
impleader," but noting that "the liability of the third party
must not arise out of a separate and independent claim."
(internal quotation marks omitted)).

Unlike the complaint at issue in Horsehead Corp., which
sought a declaratory judgment on an insurer's liability for the

6

very claims at issue in the original complaint, the TPC seeks to hold Banks and Caruso liable based on allegations that are unrelated to the claims asserted against Blanch and Metier in the Original Complaint.  Blanch's opposition memorandum concedes as much. (ECF No. 54, Blanch Opp. at 9 ("[T]he TPC does not allege that [Banks and Caruso] are liable to Blanch for the Plaintiff's claim against Blanch.").)  Specifically, the Original Complaint asserts claims for violations of federal securities laws and breach of contract based on allegations that Metier and Blanch fraudulently induced UB and LMBIP to invest $4 million dollars in Metier. (ECF No. 1, Compl. ¶¶ 19-20, 23-26). By comparison, the core allegations underlying the claims in the TPC—that Banks and Caruso disrupted Metier's ability to conduct business, interfered with Metier's relationship with retailers, and attempted to usurp the sale of Metier's assets to LBP—all relate to Banks and Caruso's actions after the UB and LMBIP investments had been made and they had become members of Metier's board of directors. (ECF No. 34, TPC ¶¶ 7-8, 66-84.) Thus, because Banks and Caruso's liability under the TPC is based on separate and distinct claims from those asserted in the Original Complaint, the TPC fails to meet the requirements for impleader under Rule 14(a).  The motion to dismiss the TPC in its entirety is therefore granted.

## 2. Leave to Amend

### i. Joinder Under Rule 20(a)

Generally, leave to amend a complaint should be "freely given." See Fed. R. Civ. P. 15(a).  It is well-established, however, that "leave to amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003); Sodhi v. Mercedes Benz Fin. Servs., USA, LLC, 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013).  An amendment is futile if the proposed claim could not survive a 12(b)(6) motion to dismiss. See Allen v. United Parcel Servs., Inc., 988 F. Supp. 2d 293, 298 (E.D.N.Y. 2013); Sodhi, 957 F. Supp. 2d at 255.  Thus, if the court is satisfied that the complaint cannot plausibly allege "any set of facts that would entitle the plaintiff to relief'" on a proposed claim, then leave to amend should be denied with respect to that claim. See Sodhi, 957 F. Supp. 2d at 256 (quoting Hertz Corp. v. City of New York, 1 F. 3d 121, 125 (2d Cir. 1993).

Here, assuming that the TPC is found to be an improper impleader under Rule 14(a), Blanch requests leave to amend the counterclaims filed against UB and LMBIP in order to join Banks and Caruso as counterclaim defendants.  As a preliminary matter, permissive joinder of parties as defendants is permitted under Rule 20(a) where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to

or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Although Banks and Caruso are understandably reluctant to be joined, as the principal managers of the plaintiff-corporations, UB and LMBIP, there is no clear prejudice to them if joinder is permitted. See Peters Fabrics, Inc. v. Textiles Fabricato De Nicaragua, No. 77 Civ. 1774, 1985 WL 531, at *2 (S.D.N.Y. Apr. 15, 1985) ("[A]s the principal officers of [the plaintiff corporation] . . . it is fair to assume that [they] initiated and have through counsel directed the litigation thus far.  They cannot now be heard to claim that they would be unfairly prejudiced by being made defendants on the proposed counterclaims.")  Importantly, the record suggests that Banks and Caruso have directed the litigation to date on UB and LMBIP's behalf.  Further, the claims made against Banks and Caruso in the TPC arise out of the same allegations, and depend on the same questions of law and fact, as Blanch's pending counterclaims against UB and LMBIP. See Broad. Music, Inc. v. Hearst/ABC Viacom Entm't Servs., 746 F. Supp. 320, 330 (S.D.N.Y. 1990).  Accordingly, joinder of Banks and Caruso as counterclaim defendants in this case appears to be appropriate under Rule 20(a).

### ii. Usurpation of Corporate Opportunities

The remaining issue, therefore, is whether permitting Blanch to amend the counterclaims would be futile—irrespective of whether the requirements of Rule 20(a) are satisfied—because the proposed counterclaims could not survive a 12(b)(6) motion to dismiss. See Nielsen v. Rabin, 746 F.3d 58, 64 (2d Cir. 2014) (finding that amendment was not futile because the complaint would adequately allege a claim if amended to include the allegations in the plaintiff's opposition brief).  Here, in addition to moving to dismiss the TPC as a whole, Banks and Caruso also move to dismiss the TPC's claim for usurpation of corporate opportunities on the ground that the TPC does not identify any corporate opportunity that was actually usurped. (ECF No. 52, Third-Party Defs.' Mem. at 7-8.)

The corporate opportunity doctrine provides that "corporate fiduciaries and employees cannot, without consent, divert and exploit for their own benefit any opportunity that should be deemed an asset of the corporation." Alexander & Alexander of N.Y., Inc. v. Fritzen, 147 A.D. 2d 241, 246 (N.Y.A.D. 1989); see also Design Strategies, Inc. v. Davis, 384 F. Supp. 2d 649, 671-72 (S.D.N.Y. 2005).  In addition to showing that a corporate opportunity exists, however, a plaintiff asserting a claim for usurpation must also show that the defendant took that opportunity for himself. See In re Marine Risks, Inc., 441 B.R.

181, 208 (Bankr. E.D.N.Y. 2010) ("The fiduciary must 'divert[]
that expectancy to his own profit.'" (quoting Abbott Redmont
Thinlite Corp. v. Redmont, 475 F.2d 85, 88 (2d Cir. 1973)); see
also Dorset Indus., Inc. v. Unified Grocers, Inc., 893 F. Supp.
2d 395, 413 (E.D.N.Y. 2012) (noting that the corporate
opportunity doctrine precludes corporate fiduciaries from
"divert[ing] and exploit[ing] for their own benefit any
opportunity that should be deemed an asset of the
corporation."); Poling Transp. Corp. v. A&P Tanker Corp., 84
A.D. 2d 796, 797 (N.Y. App. Div. 1981) ("If plaintiff can
establish a diversion of corporate opportunity, the law will
impress a constructive trust in favor of the corporation upon
the property acquired.").

     In asserting a claim for usurpation of corporate
opportunities against Banks and Caruso in the TPC, Blanch
alleges that Caruso and Banks "sabotaged" Metier's deal with LBP
in an attempt to gain control of Metier (Id. ¶¶ 57, 83) and
tried to negotiate new deals with Metier's retailers to take
effect once they had gained control (Id. ¶ 63).  But these
allegations—even when combined with the supporting allegations
made in Blanch's opposition memorandum—suffer from the same
fundamental flaw.  Namely, Blanch fails to allege that Banks or
Caruso actually took any opportunity for themselves. See In re
Marine Risks, Inc., 441 B.R. at 208 (finding there was no claim

for usurpation where the defendant did not divert the proceeds from the sale of assets to himself). To the contrary, the TPC alleges that Banks and Caruso unsuccessfully attempted to negotiate separate deals with LBP and with Metier's retailers, and in so doing harmed Metier by forcing it into bankruptcy. (TPC ¶¶ 60-65; Opp. at 7-8.) Thus, even if the TPC were amended to include the allegations in the opposition brief, Blanch's claim for usurpation of corporate opportunities against Banks and Caruso would fail because the record indicates that they did not actually acquire any opportunity or benefit belonging to Metier. Accordingly, although Blanch may amend the counterclaims in order to join Banks and Caruso as counterclaim defendants with respect to the claims for breach of fiduciary duty and for aiding and abetting breach of fiduciary duty, the Court dismisses with prejudice the TPC's claim for usurpation of corporate opportunities.

### III. Conclusion

For the foregoing reasons, Defendant Blanch's motion to dismiss the TPC is granted. Further, Blanch's request for leave to amend the counterclaims is granted with respect to the claims for breach of fiduciary duty and for aiding and abetting breach of fiduciary duty, but is denied with respect to the claim for usurpation of corporate opportunities. Finally, counsel for all parties are directed to appear in Courtroom 20-C on January 13,

12

2016 at 11:00 a.m. for a pretrial conference to discuss the

status of this case.

**SO ORDERED.**

Dated:     New York, New York
           November 12, 2015

                              John F. Keenan
                              United States District Judge

13